IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADIDAS AMERICA INC., | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:20-CV-03248-N |
| SHOEBACCA LTD., *et al.*, | § § § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Shoebacca Ltd.'s ("Shoebacca") motion to dismiss [28]. Because Plaintiff adidas America, Inc.'s ("adidas") unjust enrichment claim is based on a subject matter governed by a valid contract, the Court grants the motion.

## I. ORIGINS OF THE MOTION

This action is the second of two pending lawsuits before this Court related to a contract (the "Agreement") for the sale of sports merchandise between adidas and Nafta Traders, Inc. ("Nafta"), a retailer that is not a party to this case.[1]  adidas, a creator and seller of sports merchandise, contracted to sell certain damaged and used goods to Nafta at a discount.  Under the Agreement, Nafta would then sell those goods under certain contractual restrictions on how and where the goods would be sold.  Importantly, the

---

[1] The first of the two cases is *Nafta Traders, Inc. v. Adidas America, Inc.*, No. 3:19-CV-00915-N (N.D. Tex. filed Apr. 15, 2019).

ORDER – PAGE 1

contract prohibited the transfer of the goods to any Nafta "Affiliate."[2]  Nafta filed the first action alleging adidas breached the Agreement in various ways.  adidas filed counterclaims including its own breach of contract claim alleging Nafta transferred merchandise to its Affiliate, Shoebacca, in violation of the contract's distribution restrictions.

adidas then filed this lawsuit against Shoebacca (and others)[3] bringing claims including tortious interference with contract and unjust enrichment.  The Court dismissed all adidas's claims except the tortious interference with contract claim against Shoebacca and granted adidas leave to amend.  Mem. Op. and Order [24].  adidas amended its complaint and Shoebacca again moves to dismiss the unjust enrichment claim against it.

## II.  TIMELINESS OF THE MOTION

As a threshold matter, adidas argues the Court should decline to reach the merits and deny the motion to dismiss as untimely.  Shoebacca filed the motion twenty-one days after adidas filed the amended complaint.  According to adidas, the motion runs afoul of Rule 15's command that "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."  FED. R. CIV. P. 15(a)(3).  However, a Rule 12 motion is not a required response, and Rule 12 dictates only that a party choosing to

---

[2] According to the amended complaint, the term "Affiliate" under the contract means any company that "is controlled by or is under common control with" Nafta.  Am. Compl. ¶ 12 [27].

[3] adidas also originally named three individual defendants who, according to adidas, collectively have ownership interests and positions of control in both Nafta and Shoebacca. Compl. ¶¶ 5–6, 8 [1].  The Court previously dismissed all claims against those defendants and adidas did not replead those claims in its amended complaint.

ORDER – PAGE 2

raise a defense in a Rule 12(b) motion must do so "before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b).  Thus, for a Rule 12(b) motion, the text of the rules does not impose a deadline of fourteen days after service of the amended complaint.

Shoebacca cites several district court cases concluding that a motion to dismiss filed in similar circumstances was not untimely.  *See Hoffman v. Jindal*, 2014 WL 130981, at *3 (M.D. La. 2014) (noting that several courts "have found that Rule 15(a)(3)'s timing mandate is inapplicable" to a motion to dismiss) (citing *Auto. Indus. Pension Trust Fund v. Ali*, 2012 WL 2911432 (N.D. Cal. 2012); *Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Door, LLC*, 2012 WL 202664 (S.D. Cal. 2012)).  In opposition, adidas provides only a Fifth Circuit case stating such a motion "may" be untimely but declining to decide the issue because the parties did not raise it on appeal.  *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 321 n.1 (5th Cir. 2016).  In light of the above analysis of the text of the relevant federal rules and the authority cited by the parties, the Court determines that the motion is timely.[4]

### III. RULE 12(B)(6) LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state

---

[4] Even if the motion were untimely, it is unlikely that adidas could escape prompt consideration of the issues raised in the motion.  Shoebacca could achieve essentially the same outcome by making the same legal arguments in either (1) a Rule 12(c) motion for judgment on the pleadings after the pleadings close, or (2) a motion for summary judgment.  *See* FED. R. CIV. P. 12(c), 56.

ORDER – PAGE 3

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### IV. THE COURT GRANTS DEFENDANTS' MOTION TO DISMISS ADIDAS'S UNJUST ENRICHMENT CLAIM

adidas seeks damages for unjust enrichment based on Shoebacca's use of Nafta to cheaply obtain adidas merchandise and sell it for outsized profits. Am. Compl. ¶¶ 27–33. The Court previously dismissed adidas's unjust enrichment claim against Shoebacca because the subject matter of the claim was covered by a valid contract:

> [T]he unjust enrichment claims must be dismissed because a valid contract governs the subject matter of adidas's claims. There can be no recovery for unjust enrichment "when a valid, express contract covers the subject matter of the parties' dispute." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). [a]didas's unjust enrichment claims impermissibly seek quasi-contract damages resulting directly from the breach of the contractual prohibition on Nafta's transfer of merchandise to its Affiliates. [a]didas attempts to avoid this result by characterizing the "subject matter" of the dispute as Shoebacca's unauthorized sale of the merchandise. But adidas's

>claims in this case arise from how Shoebacca obtained the merchandise sold under the Agreement, not the sales themselves.

Mem. Op. and Order 9.

adidas asserts a repackaged version of an argument from its response to the first motion to dismiss, arguing the express-contract bar does not apply because Shoebacca is not sufficiently involved in the contract. Again, adidas cites language from a Texas appellate court decision describing unjust enrichment as applying to "disputes which for one reason or another are not governed by a contract between the contending parties." Pl.'s Resp. Br. 3 [29] (quoting *Burlington N. R.R. Co. v. Sw. Elec. Power Co.*, 925 S.W.2d 92, 97 (Tex. App. — Texarkana 1996), *aff'd sub nom. Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467 (Tex. 1998)). But the Court already rejected this argument at least to the extent that it relies on Shoebacca's status as a nonparty to the contract:

>[C]ourts have applied this bar to quasi-contract recovery even in cases where the contract was not between parties to the lawsuit because a contract sufficiently governed the subject matter of the claims. *ACS Primary Care Physicians S.w., P.A. v. UnitedHealthcare Ins. Co.*, 514 F. Supp. 3d 927 (S.D. Tex. 2021) (barring quantum meruit recovery where contract between the defendants and their nonparty insureds bore directly on the claims); *Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 724 (Tex. App. – Houston 2011, no pet.) ("The express contract bar applies not only when the plaintiff seeks to recover in quantum meruit from the party with whom he expressly contracted, but also when the plaintiff seeks recovery from a third party foreign to the original contract but who benefitted from its performance."); *Pension Advisory Grp., Inc. v. Fidelity Sec. Life Ins. Co.*, 2020 WL 1181256, at *9 (Tex. App. – Corpus Christi 2020, no pet.).

Mem. Op. and Order 9–10.

This time around, adidas adds a paragraph to its complaint stating that Shoebacca had no role in the Agreement as a signatory, obligor, beneficiary, or otherwise. Am.

Compl. ¶ 30.  This, adidas contends, makes all the difference.  But adidas's reliance on these additional allegations is misplaced because it is the subject matter of the claim that matters.  The express-contract bar does not bar recovery against particular parties — it bars recovery in quasi-contract when a contract "covers the subject matter of the parties' dispute" and belies the need for a quasi-contract claim altogether.  *Fortune Prod. Co.*, 52 S.W.3d at 683; *see Christus Health*, 359 S.W.3d at 723 (noting when an express contract covers the subject matter at issue, the party seeking compensation in quantum meruit "has a legal remedy under the contract").  Even with the new allegations, adidas's unjust enrichment claim is based on Shoebacca obtaining adidas merchandise in violation of the transfer restrictions that adidas bargained for.  The violation of those restrictions is the only articulated basis for Shoebacca's retention of profits being unfair.  Thus, adidas's additional allegations do not save the claim from dismissal.

Recasting the unjust enrichment claim as one "based in tort" — as adidas tries to do — is not a viable end run around the express-contract bar.  adidas argues that "Texas courts have recognized that the express-contract bar . . . only applies to unjust enrichment claims based on quasi-contract principles."  Resp. Br. 6.  But the case cited does not distinguish between tort-based and quasi-contract-based unjust enrichment claims in the context of the express-contract bar.  *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263 (Tex. App. — Tyler 2021, pet. denied).[5]  On the contrary, the *Project Rose* court stated the

---

[5] The only issue before the *Project Rose* court on the unjust enrichment claim was whether, under a particular Texas statute, the plaintiff had to state a prima facie case by clear and specific evidence.  *Id.* at 274–75.  The court held that an exemption to the statute's pleading

ORDER – PAGE 6

express-contract bar rule alongside the definition of unjust enrichment involving "fraud, duress, or the taking of undue advantage" that adidas characterizes as a separate tort immune to the rule. *See id.* at 283. Nowhere in the opinion did the court suggest that the express-contract bar does not apply to certain unjust enrichment claims. Thus, the Court is not persuaded that the express-contract rule is inapplicable to adidas's claim because it is "tort-based."

Finally, adidas argues unjust enrichment is a viable measure of damages for its tortious interference with contract claim. The Court sees no reason to address the available remedies for a claim that is not at issue on the motion to dismiss. All that the Court holds today is that adidas has not stated a claim for unjust enrichment as a separate theory of liability.

## CONCLUSION

Because adidas has not stated a valid claim for unjust enrichment, the Court grants the motion to dismiss.

Signed July 12, 2022.

David C. Godbey
United States District Judge

---

requirements applied because the underlying basis for the unjust enrichment claim at issue was the acquisition of benefits by fraud. *Id.* at 283.

ORDER – PAGE 7